STATE *vs.* EVERETT STEWART.

Somerset.      Opinion January 16, 1929.

*Harold E. Weeks*, County Attorney, for State.
*James H. Thorne*, for respondent.

SITTING : WILSON, C. J., DEASY, STURGIS, BASSETT, JJ. PHILBROOK,
   A. R. J.

STURGIS, J.    Convicted in the Supreme Judicial Court at nisi prius upon search and seizure process for keeping intoxicating liquor with intent that the same be sold within the State in violation of law, this respondent brings a bill of exceptions and a general motion for a new trial to this Court.

The respondent's general motion has no place in the criminal procedure of this state. This Court sitting in banc has no jurisdiction of a motion in a criminal case for a new trial on the usual grounds. In criminal cases a motion to set aside a verdict as against evidence, or the weight of the evidence, is to be decided in the first instance by the Justice presiding at nisi prius. If the motion is denied in a case involving a felony, the respondent may appeal to the next law term. R. S., Chap. 136, Sec. 28. If the case involves a misdemeanor only, there is no provision of statute for an appeal, and the ruling of the trial Judge is final. *State* v. *Perry*, 115 Me., 203 ; *State* v. *Gustin*, 123 Me., 307.

The single exception reserved presents no error. Counsel for the respondent sought to ascertain the present whereabouts of the original warrant. The case was heard on appeal from the trial justice, with copies of the whole process filed as required by R. S., Chap. 134, Sec. 18. The bill of exceptions fails to disclose any ground upon which the evidence excluded could have added to the respondent's defense, or its exclusion prejudiced his cause.

*Motion for a new trial dismissed.*
*Exceptions overruled.*
*Judgment for the State.*